## GEORGE TAYLOR v. STATE.

No. A-6389.   Opinion Filed Feb. 6, 1928.
(263 Pac. 683.)

Gaylord R. Wilcox, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J.   Plaintiff in error, George Taylor, was convicted of manslaughter in the second degree, and his punishment fixed at imprisonment in the penitentiary for a term of two years, upon an information charging, in substance, that in said county on the 30th day of October, 1924, he did while in a drunken and intoxicated condition, drive a Ford automobile into and against the person of one J. S. Terrell, thereby inflicting mortal wounds.   From the judgment pronounced on the verdict on March 22, 1926, an appeal was perfected by filing in this court September 1, 1926, petition in error with case-made.

Since the appeal was taken the plaintiff in error departed this life as shown by the letter of his attorney of record, Gaylord R. Wilcox, attached to the Attorney General's motion to dismiss the appeal.

In a criminal prosecution, the purpose of the proceedings being to punish the accused, the action must necessarily abate upon his death, and when it is made to appear that the plaintiff in error has died pending the determination of his appeal, the cause will be abated.

It is therefore considered, adjudged, and ordered that the proceedings in this cause do abate, and cause remanded, with direction to the trial court to enter its appropriate order to that effect.

EDWARDS and DAVENPORT, JJ., concur.